IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION

**ALPS PROPERTY & CASUALTY**
**INSURANCE COMPANY, f/k/a**
**Attorneys Liability Protection**
**Society, a Risk Retention Group,**

    Plaintiff,

v.                            **CIVIL ACTION NO. 2:17cv00391-RBS-LRL**

**PHILIP R. FARTHING, etc., et al.,**

    Defendants.

**BRIEF IN OPPOSITION TO PLAINTIFF
ALPS PROPERTY & CASUALTY COMPANY'S
MOTION FOR SUMMARY JUDGMENT**

Philip R. Farthing and Philip R. Farthing, P.C. (collectively "Farthing"), submit this brief in opposition to ALPS Property & Casualty Company's ("ALPS") motion for summary judgment.

### I.     Undisputed Facts

ALPS' statement of undisputed facts is accurate.

### II.     Legal Standards

Farthing agrees with the legal standards set forth in ALPS' motion for summary judgment and that, under Virginia's choice of law rules, the liability insurance policy must be interpreted in accordance with Virginia law because it was delivered in Virginia to a Virginia

1

resident, that the interpretation of an insurance policy presents a question of law and, when the language in an insurance policy is clear and unambiguous, courts give the language its plain and ordinary meaning and enforce the policy as written. *Selective Way Ins. Co. v. Crawl Space Door Sys., Inc.,* 162 F.Supp 3d 547 (E.D. Va. 2016). In determining whether an insurer has a duty to defend, "[o]nly the allegations in the complaint and the provisions of the insurance policy are to be considered…" *AES Corp. v. Steadfast Ins. Co.,* 283 Va. 609, 616-17, 725 S.E. 2d 532, 535 (2012). An insurer's duty to defend is broader than the obligation to pay, and arises whenever the complaint alleges facts and circumstances, some of which would, if proved, fall within the risk covered by the policy. *Id.*

### III. Argument

**A. Some of the relief awarded in the underlying suit is covered by the policy.**

**1. Some of the damages awarded constitute "Damages" as defined by the policy.**

The trial court awarded $1,382,653.00 as damages sustained as a result of a breach of the fiduciary duty to manage the Higgerson Trusts in accordance with the prudent investor rule of Virginia Code section 64.2-780, et seq. (Doc. 1-5 at 7, 8-10). The amount awarded represents the difference between the value the trusts funds would have achieved had the funds been invested prudently based on benchmarks used by expert witness Beth Patterson, and the actual value of the funds. (Doc. 1-5 at 8-10, and plaintiff Exhibits 19-23 in the underlying suit cited in the trial court's letter opinion and attached hereto as Exhibits 1-5).

Relying upon the policy's definition of "damages", ALPS argues that the award is not covered under the policy "because the amount is (a) 'restitution' or 'reduction' of funds or

2

property of the Higgerson Defendants 'held or in any manner directly or indirectly controlled by' the Farthing Defendants, and (b) compensation for 'any injury or damage to, destruction of, loss of, or loss of use of any funds or property'". (Doc. 16 at 17). Restitution is the restoring of property that one has been deprived of. The funds in the trusts did not achieve the value calculated by Patterson using the benchmarks chosen, and thus the Higgerson Defendants never had such funds or property which could be restored by restitution. Implicitly, the trial court recognized that an order of restitution of funds the plaintiffs in the underlying suit never had was not a proper remedy, and instead used the difference between (1) the value of the funds or property in the trusts and (2) the hypothetical value that would have been achieved if the prudent investor rule was followed, as the measure of damages for breach of fiduciary duty.

Likewise there was no "'reduction' of funds or property of the Higgerson Defendants" from the hypothetical value given by Patterson using chosen benchmarks, because the funds or property did not achieve that hypothetical value only to be reduced by a breach of fiduciary duty. Had the insurer intended for "damages" not to include funds or property that should have been acquired by an attorney for a client or a trust, or values and amounts of invested funds or property that should have been achieved by an attorney for a client or a trust, but were not, it could have plainly done so, but it did not do so here.

Also, the amount awarded is not, as ALPS argues, "compensation for 'any injury or damage to, destruction of, loss of, or loss of use of any funds or property'". (Doc.16 at 17). The trusts funds were not lost or destroyed. Investments were made of the funds which did not achieve the returns or value that Patterson testified would have resulted from investments made

3

in accordance with reasonable benchmarks. (Doc.1-5 at 8 and Exhibits 1-5). Simply because funds or property are invested and do not achieve a level of return consistent with a certain investment standard, in this case one offered by Patterson and accepted by the trial court, does not mean the funds sustained "injury or damage [],destruction [], loss or loss of use".

Farthing does not dispute that the policy does not provide coverage for the return of fees collected because the "restitution, reduction, disgorgement or set-off of any fees, costs, consideration or expenses paid to or charged by an Insured" are not included in the definition of "damages". (Doc. 1-2, ¶2.6.4). Farthing also does not contest ALPS' claim that the award of attorneys' fees to the Higgerson Defendants in the underlying suit is not "damages" under the policy.

> **2. The underlying suit does not arise out of the rendering of investment advice and therefore the insuring agreement's exclusion of the rendering of investment advice from the definition of professional services is not applicable.**

The amended complaint does not allege that Farthing rendered any investment advice to the plaintiff nor does it allege that plaintiff was damaged as a result of reliance on investment advice. The trial court's letter opinion makes no finding that Farthing rendered investment advice. Instead, the court found that Farthing breached his fiduciary duty by "persistent margin and day trading," untruthfulness in advising Charles Schwab that he had specific authority to trade on margin, and "by failing to reflect in the accountings that he was day trading" and "that he traded on margin and incurred debt for the estate by such trading." (Doc. 1-5 at 7-8). The policy's definition of "professional services" does not exclude all investment activities, but only

4

the rendering of investment advice. "Professional services" includes "services as. . .trustee, so long as the Insured (a) is not a beneficiary of any such estate or trust, and (b) is not receiving compensation other than fees for such services paid directly from such estate or trust." (Doc. 1-2, ¶2.24.3). A trustee is permitted by statute to invest the assets of the trust in good faith. The trial court in the underlying suit recognized that Virginia Code §64.2-763 provides that, "upon acceptance of a trusteeship, the trustee shall administer the trust and invest trust assets in good faith. . ." (Doc. 1-5 at 4). Thus, "professional services" specifically includes services as trustee, and such services are authorized by statute to include investment of trust assets. It is not a trustee's investment of trust assets that is excluded from the definition of professional services; rather, it is the specific rendering of investment advice that is not included in the definition of "professional services." No claim of a breach of duty based on the rendering of investment advice was advanced in the underlying suit and no such finding or judgment was made by the court. The exclusion does not apply.

> **3. The trial court did not find that Farthing was guilty of conversion, misappropriation, improper commingling or negligent supervision of trust account funds or property.**

ALPS argues that the underlying suit arises out of Farthing's conversion, misappropriation, or negligent supervision of trust funds or property which is excluded from coverage. (Doc. 16 at 21). While the amended complaint in the underlying suit makes a claim in Count II for conversion, the trial court did not make a finding that Farthing was liable for conversion nor did it award any damages for conversion. (Doc. 1-5 at 15). The amended complaint made no allegation of misappropriation, improper commingling or negligence and the

5

court made no such finding, nor did it enter judgment for any damages for misappropriation, improper commingling or negligence. The amended complaint's claims were limited to breach of fiduciary duty, conversion and unjust enrichment. Thus, the exclusion is not applicable.

    **4.    The underlying suit arises out of a breach of a fiduciary duty to prudently invest trust assets, and not dishonest, fraudulent, and intentionally wrongful or harmful acts.**

The trial court made no findings that Farthing committed fraud or an intentionally wrongful or harmful act. Instead the court found that Farthing had a fiduciary duty to act as a prudent investor and breached that duty by persistent margin and day trading and by failing to reflect in the accountings that he was day trading and trading on the margin and incurring debt for the estate by such trading. (Doc. 1-5 at 7-8). There is no finding in the amended final judgment order or the letter opinion of the trial court of a fraudulent, criminal, malicious, or intentionally wrongful or harmful act by Farthing. While day trading and excessive trading on the margin and failure to reflect such activities in an accounting may constitute breaches of the fiduciary duty to act as a prudent investor, they are not necessarily fraudulent or intentionally wrongful or harmful acts.

**B.    The amended complaint alleged a breach of fiduciary duty triggering a duty to defend under the policy.**

The duty to defend is triggered if there is any possibility that a judgment against the insured will be covered under the policy. As stated above, some of the relief awarded constitutes "damages" as defined in the policy and is not excluded by the policy's exclusions. Because some of the relief awarded is covered, ALPS has a duty to defend. Furthermore, the amended

6

complaint alleged that Farthing beached a fiduciary duty by "failing to provide accurate accountings, and failing to provide appropriate distributions to Mrs. Higgerson." (Doc. 1-3 at 6). It also alleged a failure to "properly file state and federal tax returns." (Doc. 1-3 at 6). These are "claims" that arise from "an act, error or omission in Professional Services that were or should have been rendered by the Insured". (Doc.1-2 at 5). Thus, a comparison of the allegations of the amended complaint with the policy shows that the allegations, if proved, fall within the risk covered by the policy and trigger the duty to defend.

**C.     The duty to defend has not terminated.**

ALPS argues that because there is no coverage with respect to the trial court's letter opinion and amended final judgment, that its duty to defend ceased. For the reasons stated above, some of the relief awarded by the trial court is covered and therefore the duty has not terminated.

**D.     Because some of the relief awarded is covered by the policy, ALPS is not entitled to reimbursement for attorneys' fees and costs.**

ALPS right set forth the in the policy to reimbursement of attorneys' fees and costs is not applicable because relief awarded by the trial court, as discussed above, is covered by the policy.

### IV. Conclusion

For the reasons state, the motion for summary judgment should be denied.

/s/
Brian N. Casey
Virginia State Bar No. 26710
James E. Brydges, Jr.
Virginia State Bar No. 4420
Attorneys for PHILIP R. FARTHING,
    Individually and as Former
    Trustee of the Ivan Higgerson
    Revocable Trust Agreement, the
    Ivan Higgerson Marital Trust,
    the Ivan Higgerson Family Trust,
    and the Irrevocable Life
    Insurance Trust Agreement of Ivan
    Higgerson and PHILIP R.
    FARTHING, P.C.
TAYLOR WALKER P.C.
555 East Main Street, Suite 1300
Norfolk, Virginia 23510
(757) 625-7300
(757) 625-1504 (fax)
bcasey@taylorwalkerlaw.com
jbrydges@taylorwalkerlaw.com

CERTIFICATE OF SERVICE

    I hereby certify that on the 15th day of March, 2018, I will electronically file the foregoing with the Clerk of the Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

Timothy S. Baird
Virginia State Bar No. 36315
Jeremy S. Williams
Virginia State Bar No. 77469
KUTAK ROCK LLP
Attorneys for Plaintiff, ALPS Property & Casualty
    Insurance Company, f/k/a Attorneys Liability
    Protection Society, a Risk Retention Group
Bank of America Center
901 East Byrd Street, Suite 1000
Richmond, Virginia 23219-4071

**8**

(804) 644-1700
(804) 783-6192 (fax)
tim.baird@kutakrock.com
jeremy.williams@kutakrock.com

Gregory S. Larsen
Virginia State Bar No. 24112
Attorney for Ivan L. Higgerson, Sr., Individually and as Co-Executor of the Estate of Edith A. Higgerson, Sandra H. Butt, Individually and as Co-Executor of the Estate of Edith A. Higgerson, Ivan L. Higgerson, Jr., Christie L. Pauley, Tara L. Greife, Leslie O. Erickson, and Elizabeth Metts Allen as Trustee of the Ivan Higgerson Revocable Trust Agreement, the Ivan Higgerson Marital Trust, the Ivan Higgerson Family Trust, and the Irrevocable Life Insurance Trust Agreement of Ivan Higgerson
ROY, LARSEN, CARNES & ROMM, P.C.
109A Wimbledon Square
Chesapeake, Virginia 23320
(757) 547-5101
(757) 547-9358 (fax)
glarsen@rlcrlaw.com

/s/
Brian N. Casey
Virginia State Bar No. 26710
James E. Brydges, Jr.
Virginia State Bar No. 4420
Attorney for PHILIP R. FARTHING, Individually and as Former

**9**

               Trustee of the Ivan Higgerson
               Revocable Trust Agreement, the
               Ivan Higgerson Marital Trust,
               the Ivan Higgerson Family Trust,
               and the Irrevocable Life
               Insurance Trust Agreement of Ivan
               Higgerson and PHILIP R.
               FARTHING, P.C.

TAYLOR WALKER P.C.
555 East Main Street, Suite 1300
Norfolk, Virginia 23510
(757) 625-7300
(757) 625-1504 (fax)
bcasey@taylorwalkerlaw.com
jbrydges@taylorwalkerlaw.com

**10**